IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Sunrise Oaks Capital Fund, LLC, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20110044-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| The Maughan Family Partnership; | ) | (September 27, 2012) |
| Richard Maughan; Margaret Maughan; | ) | |
| Russell Maughan; Frank Maughan, Jr.; | ) | 2012 UT App 271 |
| Douglas Maughan; Russell C. Maughan; | ) | |
| Gina Maughan; and Franklin D. | ) | |
| Maughan, | ) | |
| | ) | |
| Defendants and Appellants. | ) | |

-----

Second District, Farmington Department, 090700077
The Honorable John R. Morris

Attorneys:     Timothy W. Blackburn and Richard H. Reeve, Ogden, for Appellants
                    Robert W. Hughes, Salt Lake City, for Appellee

-----

Before Judges Orme, McHugh, and Roth.

ORME, Judge:

¶1      Appellants (the Maughans) appeal from the denial of their requested relief from the sheriff's sale of their property.  Appellee (Sunrise) argues for affirmance and requests an award of its attorney fees and costs incurred on appeal.  We affirm and remand to the district court to determine the amount of Sunrise's fees and costs reasonably incurred on appeal.

¶2     The Maughans executed a note and trust deed in favor of Sunrise in March 2008. The trust deed secured the Maughans' repayment obligation with a sixty-acre parcel of land in Weber County. The Maughans supplied the property description and tax identification number incorporated in the trust deed. The Maughans also owned an adjacent sixty-acre property that was included in the same tax parcel, with the same tax identification number. The adjacent parcel was not intended to be pledged as security and was not described in the trust deed.

¶3     The Maughans defaulted, and Sunrise commenced this action to judicially foreclose its trust deed. Sunrise obtained summary judgment in its favor. In October 2009, the district court issued a writ of execution directing the Weber County Sheriff to sell the property described in the trust deed. The property described in the writ contained the tax identification number and the correct metes and bounds description from the trust deed. In November 2009, however, the sheriff published a notice of sale containing the metes and bounds description for the larger tax parcel corresponding to the tax identification number, including the adjacent property not secured by the trust deed.[1] At the ensuing sale, the property was sold to Sunrise for $135,000. The certificate of sale prepared and recorded by the sheriff also described the property using the description of the larger tax parcel, erroneously including the adjacent sixty-acre parcel. When Sunrise was made aware of the incongruence between the property description in the certificate of sale and the description in the trust deed, Sunrise contacted the sheriff to correct the certificate. The sheriff immediately complied with the request and revised the certificate to describe the property sold using the property description from the trust deed.

¶4     The Maughans filed an objection to the sheriff's sale in January 2010, claiming that the price paid by Sunrise was "substantially inadequate." In February 2010, the district court found the Maughans' objection to be "without merit." In May 2010, the Maughans filed a motion to set aside the sheriff's sale and order of summary judgment, ostensibly pursuant to rule 60(b) of the Utah Rules of Civil Procedure. For the first

---

[1]The error was the sheriff's. It was suggested at oral argument that, in an ironic effort to preclude mistakes, someone in the sheriff's office must have used the "copy and paste" feature of a word processing program to lift the exact description from the county's tax records for inclusion in the notice of sale, without realizing that the tax parcel was twice as large as the parcel authorized to be sold.

time, the Maughans alleged that there was a mistake in the property description used in the certificate of sale prepared by the sheriff. In early September—approximately nine months after the sale and three months after filing their motion to set aside—the Maughans asserted in their supplemental briefing on the motion that the notice of sale was flawed and rendered the sheriff's sale invalid. The district court again ruled against the Maughans.

¶5 On appeal, the Maughans contend that the secured property was not sold for adequate value at the sheriff's sale. The Maughans also argue that the court committed error in determining that the sheriff's sale was valid and enforceable.[2]

¶6 "There is a general policy to sustain a sheriff's sale. The policy of the courts is to uphold judicial sales except when they are manifestly unfair . . . . [E]specially this is true in a state such as Utah which has a substantial period of redemption." *Beesley v. Hatch*, 863 P.2d 1319, 1322 (Utah 1993) (citation and internal quotation marks omitted). District courts are afforded a "high degree of discretion" in determining whether to set aside a sheriff's sale. *Pyper v. Bond* (*Pyper II*), 2011 UT 45, ¶ 24, 258 P.3d 575, *aff'g* 2009 UT App 331, 224 P.3d 713. This discretion, however, is not limitless. On the contrary, our jurisprudence has developed a rather specific and systematic methodology for considering challenges to sheriff's sales like the instant one.

> One of the main justifications for setting aside a sheriff's sale or extending the redemption period involves the interplay of two factors: (1) gross inadequacy of the purchase price *and* (2) irregularity in the sale so as to indicate at least slight circumstances of unfairness. "These factors operate on a sliding scale. Thus, the greater the disproportionality in price, the less unfairness or fewer irregularities a party must demonstrate before a court may justifiably extend a redemption period or set aside a sheriff's sale."

---

[2]Because we uphold the district court's disposition on the merits, in the process of which we resolve the Maughans' substantive arguments, we need not consider their argument that the district court erred in ruling that their rule 60(b) motion was untimely and otherwise improper.

*Meguerditchian v. Smith*, 2012 UT App 176, ¶ 10 (emphasis added) (internal citations, additional internal quotation marks, and footnote omitted) (quoting *Pyper II*, 2011 UT 45, ¶ 15) . In short, a party must demonstrate both a grossly inadequate price *and* irregularity in the conduct of the sale before this "sliding scale" even comes into play. That is, recognition of the sliding scale should not obscure the debtor's fundamental obligation to establish both an inadequate price and irregularity in the sale. *See Pyper II*, 2011 UT 45, ¶ 16. *See also Mark Mfg. Co. v. Joseph Nelson Supply Co.*, 237 P. 223, 227 (Utah 1925) (noting "that where inadequacy of price *is shown*[,] the courts will be quick to seize upon other irregularities in the conduct of the sale, and such irregularities, *coupled with* inadequacy of price, may be sufficient grounds for avoiding the sale") (emphasis added) (citation and internal quotation marks omitted).

¶7      The Maughans argue that the $135,000 sale price bid at the December 2009 sheriff's sale was "substantially inadequate and created an inequitable situation of unfair dealing." They first objected to the sale price in early 2010 when they filed a motion challenging the sheriff's sale and requesting that the district court quash the writ of execution. In denying that motion, the court focused on the inadequacy of the evidence presented by the Maughans with regard to the price obtained at the sheriff's sale:

> Notably, [the Maughans] have not submitted an appraisal for the subject property and acknowledge that the property's current value is unknown. The Maughans base their argument that the sales price from the property's sheriff's sale was substantially inadequate [as compared to] the sales prices of neighboring properties from nearly three and a half (3 ½) years ago, a time at which [the Maughans] acknowledge that the market and property values were significantly greater than current values. Additionally, [the Maughans'] assertion that these neighboring properties are comparable to the subject property is founded upon the opinion of Russell Maughan, a defendant in this litigation whose credentials for appraising and comparing real property have not been established. Moreover, [the Maughans] have not submitted any evidence that a ready market for the subject property exists. Accordingly, the

Court finds that [the Maughans'] outdated, self-serving, and insufficient evidence carries little weight with regard to establishing a current value for the subject property.

The Maughans again contended that the sale price was grossly inadequate when they later filed their rule 60(b) motion, the denial of which led to this appeal. In ruling on that motion, the district court was once again unimpressed with the Maughans' evidence, explaining, with our emphasis, as follows:

[D]espite being fully aware of the rationale for the Court's denial of [the Maughans'] prior objection to the December 4, 2009 sheriff's sale, [the Maughans] have *again failed to present any competent evidence regarding the value of the trust deed property* for the Court to make a determination that a fair price could not be realized from the sheriff's sale.

Elsewhere, the district court observed "that while the notice for the December 4, 2009 sheriff's sale was inaccurate, [the Maughans] have failed to demonstrate how this inaccuracy prevented the realization of a fair price . . . in justification of a departure from Utah's general policy to uphold sheriff's sales." *See Beesley v. Hatch*, 863 P.2d 1319, 1322 (Utah 1993).

¶8 In light of the insufficient evidence presented by the Maughans to the district court, we conclude that the court did not abuse its discretion in concluding that the Maughans failed to show that the price obtained at the sheriff's sale was grossly inadequate. Therefore, they have failed to satisfy one of the two requirements necessary to trigger judicial invalidation of a flawed sheriff's sale. Because the Maughans failed to demonstrate that the price was grossly inadequate, we have no occasion to consider their arguments about the irregularities of the sale. It follows that the district court did not err in refusing to set aside the sheriff's sale in this case.

¶9 Sunrise is entitled to an award of its attorney fees and costs reasonably incurred on appeal; we remand for determination of that amount. *See Management Servs. Corp. v. Development Assocs.*, 617 P.2d 406, 409 (Utah 1980) ("[A] provision for payment of attorney's fees in a contract includes attorney's fees incurred by the prevailing party on

appeal as well as at trial, if the action is brought to enforce the contract.")  Otherwise, we affirm.

_____
Gregory K. Orme, Judge

-----

¶10    WE CONCUR:

_____
Carolyn B. McHugh, Judge

_____
Stephen L. Roth, Judge